UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RONALD E. HOLLIS,<br><br>   Petitioner,<br><br>v.<br><br>CHRISTY STANLEY, et al.,<br><br>   Respondents. | Case No. CV 08-5320 PA (FFM)<br><br>ORDER RE SUMMARY DISMISSAL OF ACTION WITHOUT PREJUDICE |

   On August 13, 2008, petitioner filed a pleading entitled "Petition for Temporary Injunction and Habeas Corpus Hearing" ("Petition"). Petitioner contends that he has been arrested and is awaiting a trial on state charges. According to petitioner, he was being held on federal charges when the state arrest warrant was initially issued in 2005. Petitioner alleges that another state arrest warrant on the same charges was issued when he was scheduled for release from federal custody in 2007. Petitioner asserts that the fact that he was arrested on a second arrest warrant violated his right to protection from double jeopardy and the fact that he has not yet been tried on the state charges, although an arrest warrant issued in 2005, violates his right to a speedy trial.

   As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102

S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel.  *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state.  *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings *both* the operative facts and the federal legal theory on which his claim is based.  *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).  A federal court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground.  *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), *cert. denied*, 506 U.S. 1081 (1993); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), *cert. denied*, 455 U.S. 1023 (1982); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Petitioner has the burden of demonstrating that he has exhausted available state remedies.  *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982).  Here, it plainly appears from the face of the Petition that petitioner cannot meet this burden with respect to any of the claims being alleged by him.

Petitioner has not requested any relief from a California court.  Moreover, petitioner acknowledges that charges are currently pending against him and that the state process has only just begun.  Under *Younger v. Harris*, 401 U.S. 37, 43-54

1 (1971) and *Brewery v. Cox*, 457 F.2d 764 (9th Cir. 1972) a federal court may interfere with state court proceedings only in extreme situations. However, plaintiff has not demonstrated such an extreme situation here. "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Brewery*, 457 F.2d 764-65.

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 18, 2008

_____
PERCY ANDERSON
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
_____
   FREDERICK F. MUMM
United States Magistrate Judge